IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MICHAEL CAIN, JR.<br>2814 Bogues View Dr<br>Howell, MI 48843 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| BOB MAXEY FORD OF HOWELL, INC.<br>2798 East Grand River Avenue<br>Howell, Michigan 48843 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| Defendant. | ) | |

Plaintiff, Michael Cain Jr., by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

## PARTIES

1. Cain is a resident of the city of Howell, county of Livingston, state of Michigan.

2. Bob Maxey Ford of Howell, Inc. is a domestic corporation for profit that operates a place of business located at 2798 East Grand River Avenue, Howell, Michigan 48843.

3. Bob Maxey Ford was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 2000e-2 *et seq*.

4. Bob Maxey Ford was at all times hereinafter mentioned an employer within the meaning of M.C.L. § 37.2202 *et seq*.

## JURISDICTION & VENUE

5. Bob Maxey Ford hires citizens of the state of Michigan, contracts with companies in Michigan, and owns or rents property in Michigan. As such, the exercise of personal jurisdiction over Bob Maxey Ford comports with due process.

6. This cause of action arose from or relates to the contracts of Bob Maxey Ford with Michigan residents, thereby conferring specific jurisdiction over Bob Maxey Ford.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1341 inasmuch the matters in controversy are brought pursuant to Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Cain's state law claims because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because it is the District in which Bob Maxey Ford maintains its principal place of business.

10. Within 300 days of the conduct alleged below, Cain filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2023-00597 against Bob Maxey Ford operating at 2798 East Grand River Avenue, Howell, Michigan 48843.

11. On or about November 20, 2023, the EEOC issued and mailed a Notice of Right to Sue letter to Cain regarding the Charges of Discrimination brought by Cain against Bob Maxey Ford in EEOC Agency Charge No. 471-2023-00597.

12. Cain received him Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

13. Cain has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Cain has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Cain is a former employee of Bob Maxey Ford.

16. Cain is African American.

17. Defendant hired Cain on or about November 11, 2021.

18. Defendant employed Cain as a salesperson.

19. During Cain's employment with Defendant, Cain was the only African American salesperson employed by Defendant.

20. In April 2022, Cain reported to management that an older male employee was harassing a young, female employee ("Cain's Report").

21. Cain's Report included reports of gender discrimination and/or sexual harassment of a female coworker.

22. Defendant employed Dan Duey as a used car manager.

23. Duey is Caucasian.

24. Subsequent to Cain's Report, Duey made attempts to provoke Cain to give Duey a reason to fire Cain, or to make Cain quit.

25. Defendant's salespeople often spoke using profanity.

26. Defendant's salespeople often disagreed with Duey.

27. Defendant's salespeople often used profanity directed at Duey.

28. On or Around May 31, 2022, Cain and Duey had a disagreement ("Disagreement").

29. During the Disagreement, Defendant asserts that Cain used profanity. ("Cain's Statement").

30. Upon information and belief, Bob Maxey Ford has a progressive disciplinary policy.

31. Upon information and belief, Bob Maxey Ford's disciplinary policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

32. Defendant violated its progressive discipline policy when it terminated Cain's employment.

33. Skipping progressive disciplinary steps for Cain's Statement is an adverse employment action.

34. Upon information and belief, Defendant advances Caucasian employees through the progressive discipline policy prior to terminating their employment.

35. Upon information and belief, Defendant advances employees who have not made protected complaints through the progressive discipline policy prior to terminating their employment.

36. Defendant violated its progressive discipline policy when it terminated Cain's employment because of his race.

37. Defendant violated its progressive discipline policy when it terminated Cain's employment in retaliation for Cain's protected activity.

38. Defendant terminated Cain on May 31, 2022.

39. Defendant terminated Cain because of Cain's Report.

40. Defendant terminated Cain because of his race.

41. Upon information and belief, Cain's termination of employment, Defendant hired or retained an individual outside of Cain's protected class to replace Cain.

42. As a result of Defendant's conduct, Cain suffered, and will continue to suffer damages.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

43. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. Throughout his employment, Cain was fully competent to perform his essential job duties.

45. Bob Maxey Ford treated Cain differently than other similarly situated employees based on his race.

46. Bob Maxey Ford violated 42 U.S.C. 2000e-2 by discriminating against Cain due to his race.

47. On or about May 31, 2022, Bob Maxey Ford terminated Cain without just cause.

48. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

49. Upon information and belief, after terminating Cain's employment, Defendant replaced his position with a non-African American employee.

50. Defendant terminated Cain based on his race.

51. Defendant violated 42 U.S.C. 2000e-2 when they terminated Cain based on his race.

52. As a direct and proximate result of Defendant's conduct, Cain has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

53. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

54. Throughout his employment, Cain was fully competent to perform his essential job duties.

55. Defendant treated Cain differently than other similarly situated employees based on his race.

56. Defendant violated Section 37.2102 *et seq.* by discriminating against Cain based on his race.

57. On or around March 1, 2022, Defendant terminated Cain's employment without just cause.

58. At all times material herein, similarly-situated non-African American employees were not terminated without just cause.

59. Defendant terminated Cain's employment based on his race.

60. Defendant violated Section 37.2102 *et seq.* when it terminated Cain's employment because of his race.

61. Upon information and belief, after terminating Cain's employment, Defendant replaced his position with a non-African American employee.

62. Cain suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Section 37.2102 *et seq*.

63. As a direct and proximate cause of Defendant's conduct, Cain has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a).**

64. Cain restates each and every prior paragraph of this complaint, as if it were fully restated herein.

65. As a result of Defendant's discriminatory conduct described above, Cain complained about discriminatory conduct occurring at Bob Maxey Ford.

66. In response to Cain's Report, Defendant terminated Cain.

67. Defendant's actions were retaliatory in nature based on Cain's opposition to the unlawful discriminatory conduct.

68. Pursuant to 42 U.S. Code § 2000e-3(a), it is an unlawful discriminatory practice "discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

69. As a direct and proximate result of Defendant's conduct, Cain suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: RETALIATION IN VIOLATION OF SECTION 37.2701 *et seq.* OF THE ELLIOTT-LARSON CIVIL RIGHTS ACT**

70. Cain restates each and every prior paragraph of this complaint, as if it were fully restated herein.

6

71. As a result of Defendant's discriminatory conduct described above, Cain complained about discriminatory conduct occurring at Bob Maxey Ford.

72. In response to Cain's Report, Defendant terminated Cain.

73. Defendant's actions were retaliatory in nature based on Cain's opposition to the unlawful discriminatory conduct.

74. Pursuant to Section 37.2701, it is an unlawful discriminatory practice to "[r]etaliate or discriminate against a person because the person has opposed a violation of this act…"

75. As a direct and proximate result of Defendant's conduct, Cain suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Cain demands from Defendant the following:

(a) Issue an order requiring Bob Maxey Ford to restore Cain to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Cain for compensatory and non-compensatory damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Cain's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow, Esq.*
Daniel S. Dubow, Esq. (OH 0095530)*
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive
Suite 200
Beachwood, OH 44122
Phone: (216) 364-1332
Fax:    (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff*
*Michael Cain*

*Admitted to Practice in The United States District Court, Eastern District of Michigan

## JURY DEMAND

Plaintiff Michael Cain demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow, Esq.*
Daniel S. Dubow, Esq. (0095530)*